### JOHN MEYERS v. JOEL A. CONOVER ET UX.

Argued February 20, 1900—Decided June 11, 1900.

1. A sheriff's deed of conveyance duly acknowledged and proved is by statute *prima facie* evidence of the truth of the recitals contained therein, but the truth of such recitals can be attacked by the defendants in possession, under a plea of general issue in an action of ejectment, by the purchaser at sheriff's sale, against such defendants.
2. This statutory rule of evidence does not abrogate the legal principle that the plaintiff in ejectment under such conveyance must recover by the strength and validity of his own title, and not by reason of the weakness of the title of his adversaries in possession.
3. It is entirely within the legal discretion of the court, under all the circumstances of a given case, to direct judgment in ejectment to be opened, and the defendant allowed to plead to the action.

In ejectment. On rule to show cause why judgment should not be opened and defendants allowed to plead.

Before Justices GARRISON and LIPPINCOTT.

For the plaintiff, *Clarence Cole.*

For the defendants, *George A. Vroom.*

The opinion of the court was delivered by

LIPPINCOTT, J.    This is a rule to show cause why a judgment in ejectment recovered in this court against the defendants should not be opened, and the defendants permitted to defend.    The case involves the validity of the title of the plaintiff aquired by virtue of a deed of conveyance to him by the sheriff of Atlantic county.    The plaintiff, who was a purchaser of the premises in question had recovered two judgments against the defendants, one in the Court of Common Pleas of Atlantic county, and the other in the Circuit Court of the county.    Executions were issued upon both judgments and placed in the hands of the sheriff.    The execution was issued upon the Common Pleas judgment on August 31st, 1897.    Under this writ the lands in question were levied upon on October 2d, 1897.    The Circuit Court execution was issued on September 23d, 1897, and under this execution the lands were levied upon October 1st, 1897.

The lands were advertised for sale under the execution out of the Court of Common Pleas, but not under the execution out of the Circuit Court.    On August 8th, 1898, and before the day of the sale, the judgment in the Court of Common Pleas, with interest and execution fees, was paid to the sheriff, who gave a receipt for the same.    He then proceeded to sell the lands in question, in the absence of the defendants, under the execution out of the Circuit Court, and did so, striking the same off to the plaintiff in execution, who is the plaintiff in this action, and to whom a sheriff's deed in due form of law was executed and delivered.

It is said that the evidence shows that the defendants afterwards learned of this sale, but took no steps to avoid it; but it also is in evidence that it was supposed by them, or their counsel, that the sale under the execution had been duly advertised in accordance with the statute.    The defendants, without the knowledge of the want of due advertisement,

filed a plea to this action of ejectment. Upon demand of the plaintiff they served a bill of particulars of their defence or title, but, because of the lack of knowledge, the want of due advertisement was not stated. The plea was therefore stricken out and judgment ordered. After this was done, upon investigation by counsel for the defendants it was ascertained that the sale was made without any advertisement whatever, although such advertisement was duly recited in the deed of conveyance, and certified by him in his return of the writ of execution. The sheriff may have mistakenly supposed that the advertisement made under the execution out of the Common Pleas was effective for the purposes of the sale.

These defendants ask under these circumstances for leave to plead to this action.

The plaintiff alleges laches against the defendants as estoppel to this relief.

But it is to be remembered that the sale did not take place until August, 1898, even now less than two years ago.

The defendants have remained in possession of the premises, and the plaintiff can only recover against them upon the strength and validity of his own title, but the defendants can defend their possession by attacking the validity and legality of the sale and conveyance to the plaintiff.

The recitals in the sheriff's deed of conveyance, duly acknowledged and proved, are *prima facie* evidence of the truth thereof, but in an action of ejectment based upon such a deed of conveyance, the truth of such recitals can be attacked by the defendants in possession, and it is not conceived that the defendants in possession are in any laches, even when they rest quietly and take no steps to avoid such sale and conveyance, even if they have knowledge of its existence. *Swan.* v. *Despreaux,* 7 *Halst.* 182; *Blatchford* v. *Conover,* 13 *Stew. Eq.* 205, and authorities cited.

The court has not considered any of the other objections to the title raised by the defendants. It will be time enough to consider them upon any review of the results of the trial of the action.

The conclusion is that in the exercise of a proper discre-

tion the judgment in this case should be opened and set aside, and the defendants allowed to plead upon the payment of the costs of the judgment to be taxed. A rule to this end may be entered.